IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STANLEY AXEL, ET AL.            :
                                :
        v.                      :   CIVIL ACTION NO. WMN-97-1614
                                :
KENNETH S. APFEL, COMMISSIONER  :

..oOo..

**O R D E R**

On September 26, 2000, the prevailing party defendant filed a Bill of Costs request pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. (Paper No. 60.) The defendant seeks the award of $4,233.84 in court reporter fees and photocopy costs. (*Id.*) The plaintiffs have not filed an opposition to the taxation request. Therefore, the Clerk is free to award allowable costs without notice to the parties. *See* Local Rule 109.1.c. (D.Md.)

*I.   Court Reporter Fees for Deposition Transcripts*

The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in

light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. 1968), *aff'd as modified*, 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited. In this district the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case: (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the deposition costs associated with those deponents who testified at trial.

Given the aforementioned restrictions of the Clerk's discretion, I shall allow the taxation of $1,915.00 in costs associated with the plaintiffs' depositions.[1]

---

[1] Given my limited authority to award costs, the fees associated with the depositions of current and former Social Security Administration employees Harron, Burden, Whelan, Hatcher, Torrado, Torres, Barnes and

*II.  Fees for Copy Work*

Defendant requests the taxation of the costs of copy work related to 1,036 pages of exhibits that were filed with his motion for summary judgment ($119.14), as well as fees for copy work, tabs and custom tabs ($294.95) for photocopying and organizing four large notebooks associated with the plaintiffs' exhibits to their response to the defendant's motion for summary judgment.

As counsel for the defendant may be aware, this Court has found that "[P]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules."  *Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485, c.f. *Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984).  See also *Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319.

With this standard in mind, I shall allow the photocopying costs associated with the exhibits which accompanied the defendant's summary judgment motion. However, where, as here, the

---

Crank shall be disallowed.  The defendant may seek review of this decision under Fed. R. Civ. P. 54(d)(1).

plaintiffs served the defendant with the requisite exhibit copies required under local rules and the defendant merely obtained an extra copy of the plaintiff's exhibit notebooks for the convenience of agency counsel, the costs related to the four exhibit notebooks shall be disallowed. Copy work costs are awarded in the amount of $119.14.

In accordance with the foregoing opinion, costs are hereby awarded in favor of defendant in the amount of $2,034.14. The Clerk of Court shall docket and mail copies of this Order to counsel in this case.

Dated this 2nd day of November, 2000.

Felicia Cannon
Clerk of the Court
United States District Court for
  the District of Maryland