JUDGMENT

FILED: December 9, 2004

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

NO. 00-2435
CA-97-1614-WMN

STANLEY AXEL; JOEL CANFIELD; JOHN R. LOVE; JOHN W. OWEN, JR.; WILLIAM T. SHERIDAN

    Plaintiffs - Appellants

and

JOSEPH P. MURPHY

    Plaintiff

v.

KENNETH S. APFEL, Commissioner of Social Security

    Defendant - Appellee

and

JOHN J. CALLAHAN, Acting Commissioner

    Defendant

---

Appeal from the United States District Court for the
District of Maryland at Baltimore

---

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
_____
CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 00-2435

STANLEY AXEL; JOEL CANFIELD; JOHN R. LOVE;
JOHN W. OWEN, JR.; WILLIAM T. SHERIDAN,[1]

                      Plaintiffs - Appellants,

and

JOSEPH P. MURPHY,

                      Plaintiff,

versus

KENNETH S. APFEL, Commissioner of Social Security,

                      Defendant - Appellee,

and

JOHN J. CALLAHAN, Acting Commissioner,

                      Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, District Judge. (CA-97-1614-WMN)

Argued:  September 24, 2001        Decided:  December 9, 2004

---

[1] We are told that Sheridan has died.  No appeal is pursued on his behalf.  Plaintiffs' brief, at 2, defendant's brief at 2.

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Michael Edward Marr, Baltimore, Maryland, for Appellants. Allen F. Loucks, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Stephen M. Schenning, United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Four plaintiffs, Axel, Canfield, Love, and Owen, appeal from the district court's summary judgment denying their gender and age discrimination claims against Kenneth Apfel, the Commissioner of Social Security. We affirm.

I

The following facts are applicable to all of the plaintiffs. The plaintiffs, employed by the Social Security Administration (SSA) in the Office of Programs, claim they were discriminated against because of their age in violation of the Age Discrimination and Employment Act of 1967 (amended) (ADEA).[2] Each plaintiff is male and more than 40 years of age. They contend that they were not promoted to GS-13 positions, while "female employees [were promoted] to higher level positions beyond grade GS-12 to the disadvantage of older, over the age of forty (40), more experienced male employees." Each plaintiff filed GS-13 promotion applications and EEO grievances upon non-selection for these promotions.

First, and principally, even if not wholly, plaintiffs assert that the SSA's Affirmative Employment Plan was designed and

---

[2] While not particularly specified, we assume, from repeated references to their sex, that plaintiffs also claim a Title VII action for gender and racial discrimination because they are white males. We hasten to add that other than several references to themselves as white males, no discrimination on account of race is inferred.

3

utilized to promote females and minorities over white males. They argue that the SSA, through its Affirmative Employment Plan, discriminated against them by advancing females into the higher GS-13, 14, 15 positions. And such promotions were based on sex and age, not merit. Plaintiffs attempt to use various statistics to illustrate their allegations.

II

The district court, in a detailed and careful opinion, granted summary judgment for the defendant Social Security Commissioner. Among other procedural issues which are not argued to any significant extent on appeal and which justify its judgment, the district court correctly found that there was no direct evidence of discrimination, and that the age discrimination claim fails because the Affirmative Employment Plan only addresses gender and race issues, to which we add that we have not been pointed to proof of the ages of the employees who received the appointments about which complaint is now made other than that it could be found in the record, but not the appendix. The district court also correctly held that gender discrimination could not be supported because plaintiffs were unable to establish causation. That is to say, there is no proof that the promoting authority relied on the Affirmative Employment Plan in making the selections which are complained of here. In such a case as we have here, we have held

4

that "plaintiffs will also have to demonstrate that the disparity that they complain of is the result of the employment practices that they are attacking." (Internal quotes omitted.) <u>Walls v. City of Petersburg</u>, 895 F.2d 188, 191 (4th Cir. 1990).

To be eligible for promotion for much of the period involved, an employee had to be on what is called the Best-Qualified List, known as a BQL. The makeup of such a list included point standings running from one to five, unacceptable to outstanding,[3] which applied to all employees, male or female, old or young. The principal, and perhaps only, complaint the plaintiffs make about the use of points and experience to obtain position on the BQL is apparently that two years, or slightly less, of experience would give the same advantage to an applicant as would a good many years, the plaintiffs here having more than two years each. We are of opinion that it is not a violation of either the ADEA or Title VII for an employer to so give credit for experience.

On appeal, substantially all of the plaintiffs' argument is devoted to the provisions of the Affirmative Employment Plan. We emphasize their closing argument: <u>"this AEP plan being used to prevent these men from getting a 13."</u> They arrive at this conclusion because the AEP plan provides for EEO Groups of Black men and women, Hispanic men and women, Asian/American men and women, American Indian/Alaskan Native men and women and White

---

[3] From SSA Performance Manual for Supervisors, p.7.

women. Omitted from the EEO Groups is a group of White men. The argument goes that by giving employment preference to all other employee groups, an EEO Group of white males should also have been established, and that such failure is in itself evidence of direct discrimination. They arrive at this conclusion under Uniform Guidelines on Employee Selection Procedures (1978), 29 C.F.R. § 1607.4D, the catch line of which is "<u>Adverse impact and the 'four-fifths rule.'</u>" The pertinent provision of that section is "A selection rate for any race, sex, or ethnic group which is less that four-fifths (4/5) (or eighty percent) of the group with the highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact, while a greater than four-fifths rate will generally not be [so] regarded . . . ." The plaintiffs argue that the Affirmative Employment Plan to be enforced must include an EEO group of white males who are then entitled to the benefit of the four-fifths rule and that the four-fifths rule should apply to their sought-for promotions from Grade 12 to 13. The absence of such a group, the argument goes, is direct evidence of discrimination.

We are of opinion and hold that the Commissioner of Social Security, in order to comply with the federal Affirmative Employment Program for Minorities and Women need not establish an EEO group of White males.

6

In any event, the random figures presented to us consisting almost wholly of the raw numbers or percentages of male and female employees of the SSA and those within the various racial groups, without statistical analysis including such variables as sample size; the numbers, qualifications, age, sex, and race of the labor pool; the educational and experience requirements of the jobs; the numbers of applicants and applications for the jobs; and like necessary data; is of such minimal weight, if any, that it should be disregarded.  See Moultrie v. Martin, 690 F.2d 1078 (4th Cir. 1982).

With respect to the claim of the plaintiff Axel, for job No. U-195, the district court correctly held that Axel had not met the requirement that he initiate contact with the EEO counselor within 45 days of the employment decision under 29 C.F.R. § 1614.105(a)(1)(1995).

In sum, the judgment of the district court is affirmed substantially for the reasons expressed in its opinion, Axel v. Apfel, 171 F. Supp 2d, 522 (D. Md. 2000), and for such additional reasons as we have expressed here.

The judgment of the district court is accordingly

AFFIRMED.